UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of GERNOT LANGES-SWAROVSKI,<br><br>      Petitioner,<br><br>for an order to conduct discovery for use in a foreign proceeding, | Case No. 13-00312-Pl<br><br>**DECLARATION OF MARC O. SCHIEFER IN SUPPORT OF APPLICATION** |

  I, MARC O. SCHIEFER, declare under penalty of perjury under the laws of the United States of America as follows:

  1. I am an attorney licensed under the laws of the Federal Republic of Germany and am a member of the Bar of the State of New York. I am an Associate of the law firm of TILP Rechtsanwaltsgesellschaft mbH, a law firm based in Tübingen, Germany. I am fluent in both written and spoken English. I submit this Declaration on behalf of Gernot Langes-Swarovski (the "Petitioner" or "Langes-Swarovski"), one of my firm's clients, in support of an application pursuant to 28 U.S.C. § 1782(a) to obtain discovery from Ramius LLC and Ramius HVB Partners, LLC, and any subsidiaries, affiliates and successors of such entities that are or were based in this District and that were involved in or otherwise possess information relating to the matters described herein, which information is for use in an action filed by the Petitioner in Germany against UniCredit Bank AG ("UniCredit") and currently pending before the Landgericht, the Regional Court, in Munich, Germany under the caption *Langes-Swarovski v. UniCredit Bank AG*, Case No. 3 O 13094/12 (Landgericht München I) (the "German Action"). This application also seeks permission to take one or more depositions of persons described herein who are believed to also possess relevant information. I am familiar with the facts set

forth herein based upon my legal education and experience, and my representation of the Petitioner in the German Action.

2. The Munich Landgericht, in which the German Action is pending, is part of the federal judicial system of Germany. It is a court of first instance. In that court, my office will seek to present evidence we may obtain in support of the claims asserted in the German Action.

3. The German Action asserts claims under German law for various misrepresentations and omissions made in connection with Petitioner's investments in certain securities sold to him, as described generally herein, as well as for breaches of contract and claims arising from alleged nondisclosure of fees relating to the investments.

4. These claims arise from allegations that, commencing in October 2001, Petitioner acquired units of the HVB Value Return certificates 2001/2008 ("Certificates"; German Securities Number (WKN) 593 257) from Raiffeisen Landesbank Tirol ("RLB"), an Austrian bank, for an amount in excess of €20 million. The Certificates were issued by Bayerische Hypo- und Vereinsbank AG ("HVB"), which today is part of UniCredit, which is a Munich-based financial institution.

5. The Certificates had the following structure: HVB invested the monies collected from the issuance of the Certificates in so-called A shares issued by SCM Funds SICAV (Lux) ("SCM Funds"), a Luxembourg investment fund. SCM Funds also issued B shares, which were acquired either by HVB or by Barclays Bank. The aggregate of the monies collected by the issuance of the A and B shares was then invested in several fund of funds hedgefunds, which then invested in other funds, which themselves may have been invested in various other funds or instruments.

6. In that structure, the value of the B shares represented the debt capital of the investment, and the A shares represented the equity capital. The B shares were preferential and were repaid before the A shares. In addition, the value of the Certificates was linked to an index (the "Index"; German Securities Number (WKN) 599 735) which was based on the value of the A shares. The leverage ratio between debt and equity initially was reported to be 1.7:1.

7. At the beginning of its investment, the manager of the SCM Funds and the Index sponsor was Schoeller Capital Management AG ("SCM"), an Austrian company, which was a subsidiary of HVB and which also advised Petitioner in connection with the acquisition of the Certificates.

8. At the end of 2003, HVB and Ramius LLC ("Ramius") combined their "fund of funds" management activities and founded a joint venture vehicle under the name of Ramius HVB Partners, LLC ("Ramius HVB"), a Delaware corporation with its principal place of business in New York City. At the beginning of 2004, Ramius HVB replaced SCM as investment manager and Index sponsor. Ramius and Ramius HVB have their principal place of business located at 599 Lexington Avenue, New York, New York 10022.

9. In 2004, Petitioner acquired additional Certificates from Bank Austria for an amount in excess of of €5 million. Bank Austria was at that time a subsidiary of HVB and held a 24.9% interest in Ramius.

10. In January 2006, Petitioner cancelled the Certificates in order to withdraw his funds. Petitioner's Certificates at that time had a value of more than €30 million. After the cancellation of the Certificates, both HVB (in particular by Mr. Gerhard Biasi) and Ramius HVB (in particular by Mr. Thomas W. Strauss ("Strauss")) tried to convince the Petitioner to withdraw his cancellation. After Strauss advised Petitioner that Ramius HVB was in the final stages of

developing a model that would allow the Petitioner to create his own portfolio mix and adjust the leverage ratio, and declared, among other things, that a return on investment of 1% per month was realistic, the Client withdrew his cancellation in March 2006. Strauss maintains his principal place of business at Ramius, at 599 Lexington Avenue, New York, New York 10022.

11.     As of April 1, 2006, the relevant leverage ratio was reduced to 1.25:1, and later, at the end of 2007, it was increased to 1.4:1. At that time, the Petitioner's funds were invested as follows: 25% in the Tapestry Absolute Return; 50% in the Tapestry Diversified (later renamed Ramius Diversified FOF); and 25% in the Tapestry Vintage (later renamed Ramius Vintage Multi-Strategy FOF); all of which funds were set up by Ramius, Ramius HVB or its affiliates, and which are collectively referred to herein as the "FOFs".

12.     By October 2008, the value of the Certificates had collapsed by more than half.

13.     Petitioner's requested discovery is directed at, among other things, why the value of the Certificates lost approximately half their value in only one year, despite Petitioner's instruction in June/July 2008 to HVB to reduce Petitioner's risk exposure in this investment.

14.     Accordingly, Petitioner respectfully seeks from Ramius HVB – or if Ramius HVB no longer exists from any successor or former parent company or any other person involved in Ramius HVB – what investments Ramius HVB made during their engagement as investment manager, what the leverage ratio was during the lifetime of the investment and whether Ramius HVB paid to or received any fees from third parties, whether any person acting for Ramius HVB has knowledge whether any other third parties, who may also have acted in connection with Petitioner's investment, received or paid fees.

15.     As described above, the claim asserted in the German Action is mainly based on wrongful advice rendered in connection with the acquisition of the Certificates, false or

misleading statements made in connection with the withdrawal of the cancellation, increase of the leverage ratio in breach of contract and non-disclosure of various fees.

16. Petitioner respectfully seeks permission to serve subpoenas upon Ramius, Ramius HVB and any related persons that may be found in this District, as follows:

(a) That call for the production of documents in the following categories:

1) Documents sufficient to determine the investments made by the respective investment managers during the lifetime of the investment, such as buy and sell orders or any other related documentation;

2) All documents concerning any "finders' fees," "referral fees" or other fees or remuneration paid by Ramius HVB to third parties or received by Ramius HVB from third parties for any investment-related activity undertaken in connection with the Certificates, including, but not limited to, all agreements reflecting any such actual or anticipated fees or payments;

3) Due diligence files supporting or relating to the investment decisions made by the managers of the underlying investments of the FOF, such as the reports issued by such managers;

4) All documents concerning any fees paid by or to or received by such investment managers;

5) All documents concerning the ratio between the value of the A shares and the value of the B shares (i.e., the leverage ratio) during lifetime of investement;

6) All agreements between Ramius HVB and any hedge fund or other fund, account or entity where Langes-Swarovski's monies were invested;

7) Documents sufficient to determine the amount of the fees paid to Ramius HVB for or in connection with the calculation of the index and by whom any such fees were paid;

8) All documents concerning the fee structure of the FOFs, the underlying funds of such FOFs and the further underlying funds

9) All documents concerning fees in case of early withdrawal from the FOFs or the underlying funds or investments;

10) Documents sufficient to determine how many other or further persons invested in (a) the Certificates and (b) the Index, and in what amounts;

11) Documents sufficient to determine what other securities or other investment products existed the value of which was determined by reference to the Index, and whether and the amounts of any fees (such as license, sponsor or management fees) were generated, earned, paid or received in connection with any such securities or other investment products;

12) All documents concerning the amounts paid to Ramius HVB related in any way to the administration or performance fees charged by HVB to Petitioner;

13) All documents concerning the amounts paid to HVB related in any way to the administration or performance fees charged by Ramius HVB;

14) All documents concerning the amount of revenue generated or earned by or paid to Ramius HVB associated with the debt capital issuance or from currency conversion related to the Certificates;

15) All documents concerning any investment or portfolio models developed or under development in or around January 2006 that could enable or were

anticipated to allow an investor to create and adjust his own portfolio mix or the leverage ratio, including, but not limited to, all such models described by Thomas W. Strauss to Petitioner in January 2006, and including all documents concerning how the anticipated 1% per month return was determined or calculated;

16) All documents reflecting or concerning communications between Ramius HVB (including but not limited to Strauss) and HVB (including but not limited to Gerhard Biasi) relating in any way to Mr. Langes-Swarovski, including but not limited to all emails relating to the effort to convince Langes-Swarovski to keep the Certificates and withdraw the cancellation.

(b) In addition, Petitioner respectfully requests permission to serve subpoenas to take the depositions of Ramius, Ramius HVB, Strauss, and such other related persons of Ramius and Ramius HVB who may be found in this District as Petitioner's American counsel may reasonably deem appropriate.

17. Based on the legal principles and standards set forth in the accompanying Memorandum of Law, Petitioner believes he is entitled to obtain discovery under 28 U.S.C. § 1782(a), because he is an "interested person" with respect to a "proceeding in a foreign . . . tribunal." As set forth above, the discovery is sought from persons and entities located within this judicial district.

18. Ramius, Ramius HVB and Strauss are not parties to the German Action. They are located in New York, New York, outside the territorial jurisdiction of any German court. It is

believed that they will possess evidence that will be of use in better understanding and proving Petitioner's claims and understanding and addressing the defenses anticipated to be asserted in the German Action. Evidence in the possession of Ramius, Ramius HVB and Strauss cannot be obtained without the assistance of a U.S. court. Obtaining discovery from these persons and entities pursuant to 28 U.S.C. § 1782(a) would be more convenient, faster and less expensive for Petitioner than seeking the same discovery through alternative means such as the issuance of letters rogatory by a German court.

19. I am not aware of rule or policy that would preclude the Landgericht from admitting evidence obtained in the United States pursuant to 28 U.S.C. § 1782(a).

20. As a result, I respectfully request, on behalf of the Petitioner, leave of this Court to allow Petitioner's American counsel (Stone Bonner & Rocco LLP) to serve on Ramius, Ramius HVB and Strauss the subpoenas compelling the production of documents and/or testimony that are attached hereto as Exhibits 1, 2 and 3 (or subpoenas substantially similar thereto).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of September 2013, at Tübingen, Germany.

_____
Marc O. Schiefer